THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM J. CHIN and PATRICK H. TRAVERS, Appellants, v. WILLIAM D. MOORE and Others, Respondents.

*Civil Service Act* — 1883, *chap.* 354, *and* 1884, *chap.* 410, *sec.* 4 — *right of honorably discharged soldiers and sailors to priority in appointment.*

Section 4 of chapter 410 of 1884 provides that persons who served during the late war in the army or navy and have been honorably discharged therefrom, shall be preferred for appointments to positions in the civil service of the State and cities over other persons of equal standing, as ascertained under that act, and the act thereby amended, chapter 354 of 1883.

The last named act provides that original appointments to positions in the civil service of the State and of cities with a population over 50,000 shall be made by selection from applicants graded highest as the result of competitive examinations, and that promotion from lower grades to higher shall be made on the basis of merit and competition.

*Held*, that the act did not give to an honorably discharged soldier or sailor a right to be preferred for appointment over other persons standing above him on the list, but only gave him priority over persons having the same position and grade as himself.

In other words, if his standing is equal or better than that of his competitors he has an absolute right to the appointment, which is not the case with other persons.

Appeal from an order, entered in Kings county, denying a motion for a peremptory *mandamus* to compel the respondents W. D. Moroe and others, as a board of examiners, to certify the relators to the respondent R. H. Poillon, fire commissioner, for promotion to the position of foreman in the fire department, and to compel the fire commissioner to promote the relators in accordance with such certification.

Prior to the 29th day of July, 1885, nine vacancies occurred in the position of foreman in the fire department. The head of the department desiring to fill them by promotion from lower grades in the service designated the respondents Moore and others as a board of examiners to ascertain the fitness of candidates by means of the examination provided by the civil service regulations. This examination resulted in there being placed on an eligible list, that is to say, a list containing the names of the candidates who successfully passed the examination, the names of fifteen persons in the order established by the differences in standing indicated by the percentages obtained on the examination. The relator Travers was at the bottom of the list and the relator Chin stood number thirteen, both of them receiving the lowest percentage obtained.

The civil service regulations provide that in the preparation of eligible lists, and in certifying names for promotion in such cases, the examiner shall follow, so far as practicable, the rules governing the preparation of such lists and the certification of names by the civil service commission. The commission is required to prepare eligible lists for the different grades of service by placing thereon such persons as have successfully passed the required examination in the order of merit shown by the percentage thus obtained, giving

a preference, however, to honorably discharged soldiers and sailors over other candidates equal in rating with themselves. In certifying names for appointment from the list so prepared the commission is required to take the names first on the list, being those who received the highest rating on the examination. In making appointments the appointing power must give the preference to honorably discharged soldiers and sailors over persons of equal standing with themselves as ascertained under the civil service regulations. Acting in accordance with these regulations the examiners in the case at bar ranged the names of the successful candidates on the eligible list prepared by them, the relators, although honorably discharged soldiers, being placed at the bottom of the list and receiving no preference because not equal in standing to those above them. The examiners also deemed it to be a duty imposed upon them by the regulations, to certify for promotion to the several vacancies the requisite number of persons from the head of the list, not including the relators because of their inequality in standing to those above them. The fire commissioner coincided in these views and regarded it as his duty to make the promotions from the persons thus taken from the head of the list. The relators thereupon moved upon an affidavit stating, among other things, the intention of the respondents to be as above set forth, for a peremptory *mandamus* to require that they be included amongst those who were to be certified and promoted. They founded their claim to this relief on the provisions of the law (Laws 1884, chap. 410, § 4) which gives to veterans a preference for appointment to positions in the civil service of the State and cities over other persons of equal standing as ascertained under the civil service acts. All persons on an eligible list they claimed were equal in standing, no matter how unequal in rating or percentage, and inasmuch as their names were on the list in question, although at the foot, they were entitled to be preferred. The court at Special Term denied the motion and delivered the following opinion :

CULLEN, J.— Section 4, chapter 410, Laws of 1884, provides that persons who served during the late war in the army or navy, and have been honorably discharged therefrom, shall be preferred for appointment to positions in the civil service of the State and cities over other persons of equal standing, as ascertained under that act,

and the act thereby amended, chapter 354, Laws of 1883. By the last named act it is provided that original appointments to positions in the civil service of the State, and of cities with a population over 50,000, shall be made by selection from applicants graded highest as the result of competitive examinations, and that promotions from lower grades to higher shall be made on the basis of merit and competition. The standing of applicants must, therefore, be determined by their respective merits and the results of the competitive examinations. It is equal competitive standing that the statute has in view. This seems to me so plain as to forbid elaboration. The contention of the relator, if conceded, would result that all appointments and promotions contemplated by the statute as the subject of competition should be filled by discharged soldiers and sailors, if there were such applicants who might be found qualified, and only in default of such applicants should such appointments be open to other persons to competition. However just or proper such a rule would be, plainly the legislature has not enacted it. The construction of the statute here adopted does not render the preference given the discharged soldier or sailor illusory. It will still be substantial. Both the statute and the rules established under it contemplate the exercise of discretion by the appointing power among several of the applicants having the highest grading. The one with the highest standing may be passed by and one with a lower standing appointed. But if a discharged soldier or sailor is presented for appointment he must be appointed by preference to others having equal or lower standing. In other words, if his standing is equal or better than that of his competitors he has absolute right to the appointment, which is not the case with other persons.

Application for *mandamus* denied.

*Wm. J. Gaynor*, for the relators.

*Frederick W. Catlin*, for the respondents.

Pratt, J.:

We think this order must be affirmed, and the opinion of Mr. Justice Cullen delivered at the Special Term, sufficiently expresses the views which have led us to this result.

The relator's contention is that the moment a candidate is placed upon the eligible list, he has an *equal standing* with every other

person whose name there appears, and that difference in grade among the eligible persons must be ignored. We cannot adopt this view. It is a plain misinterpretation of the statute. The appearance of his name on that list simply shows that he is *eligible* for appointment. It is idle to say that one who stands at the foot — say graded at seventy-five and theretofore barely eligible, has an *equal standing* with the others who stand at from fifteen to twenty-five in grade above him. If the whole list was comprised of persons graded at seventy-five, doubtless the soldier or sailor would be entitled to a preference in his application for public service. But there is no *justice* in a claim that the soldier or sailor who stands seventy-five should be preferred over candidates who stand at ninety or 100. This is not the sort of preference which the legislature had in view. It was simply intended that of two or more who stand equal in their eligibility, the soldier or sailor should always be preferred.

The order should be affirmed, with costs and disbursements of this appeal.

Present — BARNARD, P. J., DYKMAN, and PRATT, JJ.

Order denying writ of *mandamus* affirmed, with costs and disbursements.